# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE PEARSON,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. SACV 05-0678 JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. SECTION 406(b) |

**BACKGROUND**

On July 12, 2005, Connie J. Pearson ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for Disability Insurance Benefits. On July 19, 2005, Michael J. Astrue, Commissioner of Social Security ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 18, 2005, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on January 3, 2006, defendant filed an Answer to the Complaint. On April 18, 2006, the parties filed their Joint Stipulation.

On June 30, 2006, the district court remanded the case to allow the Administrative Law Judge ("ALJ") to fully evaluate the opinion of Mark Janis, M.D., plaintiff's treating physician, and

the opinion of Margaret A. Donohue, Ph.D., regarding plaintiff's mental functional limitations, and to remedy the errors outlined in the Court's Memorandum Opinion and Order.

On September 14, 2006, the Court entered an Order granting plaintiff's counsel the sum of $5,000.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

After further administrative proceedings, the ALJ determined that plaintiff was entitled to benefits. (See Motion at 2). Thereafter, on November 2, 2008, the Commissioner sent plaintiff a Notice of Award indicating an award of retroactive benefits in the sum of $84,590.40. (Motion at 2; Exh. 2).

On November 11, 2008, plaintiff filed a "Petition for Approval of Attorney Fees Under 42 U.S.C. § 406(b) ("Motion") with a Memorandum in Support thereof. On January 7, 2009, defendant filed an Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response"). Thereafter, on January 9, 2009, plaintiff filed a "Reply in Support of Petition for Approval of Attorney Fees Under 40 U.S.C. § 406(b)" ("Reply").

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant in court. 42 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment. 42 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court. Id. at 807-08; Crawford v. Astrue, 545 F.3d 854, 858-59 (9th Cir. 2008).

///

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Gisbrecht, 535 U.S. at 807. "The methodology by which a district [court] makes such reasonableness determinations is for that court to select in the exercise of its sound discretion." Crawford, 545 F.3d at 862. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Gisbrecht, 535 U.S. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

Here, plaintiff is a successful social security claimant and plaintiff's attorney may be awarded a reasonable fee under Section 406(b). See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ").

On July 11, 2005, plaintiff entered into a contingent fee agreement with her attorney. (See Motion at 1-2, Exh. 1). Under the terms of the contingent fee agreement, plaintiff agreed that if her claim was appealed to the federal court level and, thereafter, benefits became payable, her counsel could petition the court for approval of a fee equal to 25 percent of the total past-due benefits. (Motion at 2; Exh. 1 ¶ 4). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b). In addition, there

is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and his or her attorney, the Court must determine whether the contingent fee is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. Here, plaintiff's counsel proposes to collect a fee of $21,147.60 for 34.2 hours of attorney time associated with representation before the district court. (Motion at 2-3, Exhs. 3, 4 at 2-3). Such a fee results in an effective hourly rate of $618.35 ($21,147.60 divided by 34.2 hours). The Court finds this hourly rate to be within the acceptable range of reasonable rates. See Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (canvassing Section 406(b) cases and observing that courts have approved de facto hourly rates ranging from $ 187.55 to $ 694.44 and noting that courts are generally deferential to the terms of contingency fee agreements).

To assess the reasonableness of counsel's total fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel spent working on the case before the district court. See Gisbrecht, 535 U.S. at 808-09. The Court notes that while plaintiff's counsel has been practicing law in California since December 2001 and has devoted approximately 65 percent of his time to the representation of claimants on Social Security or Supplemental Security Income Disability claims, a portion of the time claimed by plaintiff's counsel is not accordant with counsel's skills in the area and his experience representing such claimants. (See Motion, Exh. 4, Declaration of Troy Monge ("Monge Decl.") at 1; Motion, Exh. 3). The summary of legal services rendered submitted by plaintiff's counsel states that plaintiff's counsel spent 5.0 hours reviewing the administrative record; 11.1 hours reviewing the administrative record and working on the Joint Stipulation; and 6.3 hours on the reply portion of the Joint Stipulation, which yields a total of 22.4 hours claimed by plaintiff's counsel for reviewing the administrative record and preparing the Joint Stipulation. (Motion, Exh. 3). The Court reviewed the Joint Stipulation, the issues raised therein, and finds that a portion of the 22.4 hours claimed by plaintiff's counsel for reviewing the administrative record and preparing the Joint Stipulation is excessive and unreasonable given the character

of representation and the routine issues that were raised. In addition, the Court finds that a portion of the time claimed for serving and filing documents is excessive given counsel's experience representing Social Security claims in this district. In the entry dated July 21, 2005, plaintiff's counsel billed .3 hours with the description "[s]erved the Case Management Order on the U.S. Attorney's Office[;]" in the entry dated August 18, 2005. Plaintiff's counsel billed 1.0 hour to "[r]eceive, review and file with the Court Consent to Proceed before a Magistrate Judge[;]" and in entries dated January 1, 2006, April 4, 2006 and July 5, 2006, plaintiff's counsel claimed a total of 1.3 hours to "Review e-filing." (Motion, Exh. 3).

Given counsel's experience representing such claimants in this district, the Court finds that plaintiff's counsel has not met his burden of showing that the fee sought is reasonable and, accordingly, finds that a reduction is warranted. See Gisbrecht, 535 U.S. at 808. The Court reduces the time claimed by plaintiff's counsel for reviewing the administrative record and preparing the Joint Stipulation by one-third, which amounts to a 7.47 hour reduction (22.4 divided by 3). The Court also finds a reduction in the above-mentioned time claimed for serving and filing documents by one-third is warranted, which amounts to a .87 hour reduction (2.6 divided by 3). Thus, the Court reduces the time claimed by plaintiff's counsel by 8.34 hours (7.47 plus .87).

Using the effective hourly rate of $618.35, the Court reduced the requested fee by $5,157.04 (8.34 hours multiplied by $618.35). The Court finds a fee in the amount of $15,990.56 ($21,147.60 less $5,157.04) to be reasonable for representation before the district court.

///
///
///
///
///
///
///

**CONCLUSION**

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED IN PART**. Attorney fees under Section 406(b) are awarded in the gross amount of $15,990.56 to be paid out of the sums withheld by the Commissioner from the benefits awarded to plaintiff. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $ 5,000.00 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: January 26, 2009

                                                  /s/
                                  JENNIFER T. LUM
                                  UNITED STATES MAGISTRATE JUDGE